ORIGINAL

# In the United States Court of Federal Claims

No. 15-569C
Filed November 5, 2015

**FILED**

**NOV - 5 2015**

**U.S. COURT OF
FEDERAL CLAIMS**

|  |  |  |
|---|---|---|
| ISAAC A. POTTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *Pro Se*; Rule 12(b)(1), Subject-Matter |
| v. | ) | Jurisdiction; Rule 41(b), Failure to |
| | ) | Prosecute; Claims Against a Private Party; |
| THE UNITED STATES, | ) | 28 U.S.C. § 1631, Motion to Transfer; *In* |
| | ) | *Forma Pauperis*. |
| Defendant. | ) | |
| | ) | |

*Isaac A. Potter, Jr.*, Orlando, FL, plaintiff *pro se*.

*Melissa L. Baker*, Trial Attorney, *Brian A. Mizoguchi*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.    INTRODUCTION

*Pro se* plaintiff, Isaac A. Potter, Jr., brought this action seeking unspecified monetary damages and other relief for alleged misconduct by a private health care services provider in connection with medical treatment provided to his spouse. The government has moved to dismiss the complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff has also moved to proceed in this matter *in forma pauperis* and to transfer this matter to the United States District Court for the District of Columbia. For the reasons set forth below, the Court **GRANTS** defendant's motion to dismiss, **GRANTS** plaintiff's motion to proceed *in forma pauperis*, and **DENIES** plaintiff's motion to transfer.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

Plaintiff *pro se*, Isaac A. Potter, Jr., commenced this action on June 3, 2015. *See generally* Compl. Plaintiff alleges numerous causes of action in the complaint including: false allegations, retaliatory conduct, conspiracy to harm a patient and the patient's family, emotional distress, mental anguish, slander, violation of the patient's and spouse of the patient's constitutional rights, discriminatory acts, various malicious negligent acts, negligent misdiagnoses, and violation of the patient's bill of rights for the hospital industry according to law. *Id.* at 1-2. Plaintiff also alleges violations of various Florida state laws; the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd; 18 U.S.C. § 242; and the United States Constitution. *Id.* at 1, 5-8, 10.

Specifically, plaintiff alleges that, during the period 2011-2015, Adventist Health System ("Adventist")–a private health care services provider–engaged in various wrongdoing related to the treatment of his spouse for a recurring staph infection and other maladies. *Id.* Plaintiff also alleges that Adventist's conduct led to, among other things, his spouse experiencing "[f]ever and/or chills," "blood in urine," and "urine output is less than usual amount." *Id.* at 10.

### B.   Procedural Background

Plaintiff filed the complaint in this matter on June 3, 2015. *See generally* Compl. On June 24, 2015, defendant filed a motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot. On June 16, 2015, plaintiff attempted to file a collection of documents entitled "Notice of Lawsuit and Request for Waiver of Service of Summons." Because there is no provision in the Court's Rules for the filing of such documents, the Court directed the Clerk's Office to return the documents to plaintiff unfiled on June 17, 2015. *See* June 17, 2015 Order.

On July 1, 2015, plaintiff filed a motion to transfer this case to the United States District Court for the District of Columbia.[2] *See generally* Pl. Mot. On July 6, 2015, the government filed

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl. at __"); defendant's motion to dismiss ("Def. Mot. at __"); plaintiff's motion to transfer ("Pl. Mot. at __"); defendant's opposition to plaintiff's motion to transfer ("Def. Opp. to Pl. Mot. at __"); plaintiff's August 17, 2015 notice ("Pl. Notice at __"); and defendant's response to plaintiff's notice ("Def. Resp. to Notice at __").

[2] In the motion to transfer, plaintiff refers to Rule 19 of the Federal Rules of Civil Procedure–which pertains to required joinder of parties. *See generally* Pl. Mot.; Fed. R. Civ. P. 19. But, plaintiff does not identify a

an opposition to plaintiff's motion to transfer. *See generally* Def. Opp. to Pl. Mot. Plaintiff did not file a timely response to the defendant's motion to dismiss. And so, on August 4, 2015, the Court issued an order instructing plaintiff to show cause on or before August 18, 2015, as to why this action should not be dismissed for failure to prosecute pursuant to Rule 41(b). *See generally* Order to Show Cause.

On August 17, 2015, plaintiff filed a notice with the Court which restates his request to transfer this case to district court. *See generally* Pl. Notice. On August 31, 2015, defendant filed a response to plaintiff's notice. *See generally* Def. Resp. to Notice. Plaintiff has not filed a response to the defendant's motion to dismiss, or to the Court's Order to Show Cause.

## III.    STANDARDS OF REVIEW

### A.    *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*. The Court recognizes that parties proceeding *pro se* are granted greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Nonetheless, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). And so, while the Court may excuse ambiguities in plaintiff's complaint, the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

In addition, this Court has long recognized that "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). For this reason, a *pro se* plaintiff–like any other plaintiff–must establish the Court's jurisdiction to consider his claim by a preponderance of the evidence. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010).

### B.    Rule 12(b)(1)

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United Pac.*

---

party to be joined in his motion to transfer. And so, the Court does not read plaintiff's motion to also seek the joinder of parties.

*Ins. Co. v. United States*, 464 F.3d 1325, 1328 (Fed. Cir. 2006); RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to come within the jurisdictional reach and waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). If the Court finds that the source of law alleged is not money-mandating, the Court must dismiss the case for lack of jurisdiction. *Id.* at 1173; RCFC 12(b)(1).

### C.    Rule 41(b)

Rule 41(b) of the Rules of the United States Court of Federal Claims provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction or failure to join a party under RCFC 19—operates as an adjudication on the merits.

RCFC 41(b). Rule 41(b) is a necessary tool to ensure efficient docket management and to prevent the undue delay of the litigation. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). In addition, the Court's authority to dismiss a

complaint "*sua sponte* for lack of prosecution has generally been considered an inherent power, 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1185 (Fed. Cir. 1990) (quoting *Link*, 370 U.S. at 630-31).

## IV. DISCUSSION

### A. Dismissal Is Warranted For Failure To Prosecute

As an initial matter, dismissal of plaintiff's complaint for failure to prosecute this matter is warranted under Rule 41(b). RCFC 41(b). Rule 41(b) provides in pertinent part that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it.

RCFC 41(b). "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011).

Dismissal of plaintiff's complaint pursuant to RCFC 41(b) is justified here. Despite the passage of several months since plaintiff's responsive filing was due, plaintiff has not responded to the jurisdictional concerns raised in the defendant's motion to dismiss.[3] Plaintiff has also failed to comply with the Court's August 4, 2015 Order to Show Cause why the matter should not be dismissed for failure to prosecute. The Court is cognizant of plaintiff's *pro se* status. But, given plaintiff's failure to diligently pursue this litigation and plaintiff's total disregard of the Court's Order to Show Cause, the Court must conclude that dismissal of this matter is justified. *See Whiting*, 99 Fed. Cl. at 17. And so, the Court dismisses the complaint pursuant to Rule 41(b). RCFC 41(b).

### B. This Court Lacks Subject-Matter Jurisdiction To Consider Plaintiff's Claims

Notwithstanding plaintiff's failure to prosecute this matter, dismissal of the complaint is also warranted because the Court does not possess jurisdiction to consider plaintiff's claims. RCFC

---

[3] The deadline for the filing of plaintiff's response to the defendant's motion to dismiss was July 27, 2015. *See* RCFC 7(b). On August 17, 2015, plaintiff filed a notice with the Court, which quotes the Federal Rules of Bankruptcy Procedure regarding dismissal and change of venue, and appears to restate his request that the Court transfer this matter to the United States District Court for the District of Columbia. *See generally* Pl. Notice. But, this filing does not address, or respond to, any of the jurisdictional issues raised in the defendant's motion to dismiss. *Id.*

12(b)(1). In this regard, the government has moved to dismiss plaintiff's complaint upon two grounds: First, the government argues that the Court does not possess jurisdiction to consider plaintiff's claims against a private party. Def. Mot. at 4-5. Second, the government also argues that the Court does not possess jurisdiction to consider the claims alleged in the complaint. *Id.* at 5-8. For the reasons discussed below, the Court agrees that it does not possess jurisdiction to consider this matter.

       **1.      The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims Against A Private Party**

      As a threshold matter, it is well established that this Court does not possess jurisdiction to consider claims asserted against a private party. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (The Court of Federal Claims "is without jurisdiction of any suit brought against private parties . . . ."). Rather, the United States is the only proper defendant in cases brought in the United States Court of Federal Claims. *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual.").

      A plain reading of the complaint here shows that plaintiff is asserting claims against a private health care services provider—Adventist Health Systems. *See generally* Compl. In fact, the factual allegations in the complaint pertain solely to the alleged conduct of Adventist in connection with the treatment of plaintiff's spouse. *Id.* (Plaintiff alleges that, during the period 2011-2015, Adventist engaged in various wrongdoing related to the treatment of his spouse for a recurring staph infection and other maladies). And so, even the most generous reading of plaintiff's complaint makes clear that plaintiff has not alleged any substantive claims against the United States government, or any of its agencies.[4] *Id.* Given this, the Court does not possess jurisdiction to consider plaintiff's claims. *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997) (Plaintiff listed the United States as a defendant but the complaint contained no "substantive allegations at all against the United States" and therefore the Court lacked jurisdiction.).

---

[4] Plaintiff's complaint initially identified the Department of Health and Human Services as the defendant in this matter. *See generally* Compl. But, the complaint contains no allegations of wrongdoing on the part of the Department of Health and Human Services, or any other federal government agency. *Id.*

**2.    The Court Does Not Possess Jurisdiction To Consider Plaintiff's Tort, State Law Or Criminal Law Claims**

Dismissal of this matter is also warranted because the Court does not possess jurisdiction to consider plaintiff's tort law, state law,[5] or criminal law claims. *See* Compl. at 1-2, 7-11.

As an initial matter, to the extent that plaintiff is asserting tort law claims, it is well established that the Court does not possess jurisdiction to consider such claims. *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993) ("It is well settled that the [United States Court of Federal Claims] lacks ... jurisdiction to entertain tort claims."); *see also* 28 U.S.C. § 1491(a). In the complaint, plaintiff alleges numerous tort law claims including, "false allegations," "emotional distress," "mental anguish," and "slander." Compl. at 1. This Court does not possess jurisdiction to entertain claims sounding in tort. 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in case not sounding in tort."). As a result, the Court must dismiss plaintiff's tort law claims for lack of subject-matter jurisdiction. *Id.*; RCFC 12(b)(1).

The Court also does not possess jurisdiction to consider plaintiff's state law claims. *Souders v. S. Carolina Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims.") (citing *United States v. Mitchell*, 463 U.S. 206, 215-18 (1983)). In this regard, plaintiff alleges violations of the Florida Mental Health Act, commonly known as the Baker Act. Compl. at 8; *Collins v. State*, 125 So. 3d 1046, 1048 (Fla. Dist. Ct. App. 2013). This state law claim falls outside of the limited jurisdiction of this Court. *Souders*, 497 F.3d at 1307. And so, the Court must also dismiss plaintiff's state law claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

This Court is similarly without jurisdiction to consider plaintiff's criminal law claims. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (the Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code"); *see also Jones v.*

---

[5] Specifically, plaintiff alleges "violation of Fla. State Ann. Subsection 415.111 S. 775.083 or S. 775.082"; violation of "health care surrogate subsection 765-201-765-205"; violation of "the Baker Act 287.057(3)(e)(b)"; and violation of the "2014 Florida Statutes Title XXX Social Welfare Chapter 415." Compl. at 1, 8.

*United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011). In his complaint, plaintiff alleges a violation of title 18, United States Code, section 242, which makes it a crime for a person acting under color of law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. 18 U.S.C. §242; Compl. at 8-9; *Hardin v. United States*, 2015 WL 6437379, at *4 (Fed. Cl. Oct. 22, 2015). But, it is well established that this Court does not possess jurisdiction to adjudicate plaintiff's criminal law claim. *Joshua*, 17 F.3d at 379. And so, the Court must also dismiss plaintiff's criminal law claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 3.   Plaintiff Fails To Identify A Money-Mandating Provision Of Law

Dismissal of plaintiff's complaint is also warranted because plaintiff has not identified any money-mandating provisions of federal law that confer jurisdiction on this Court. In this regard, the Tucker Act confers jurisdiction for this Court to entertain:

> [A]ny claim against the United States founded either upon the Constitution, or any
> Act of Congress or any regulation of an executive department, or upon any express
> or implied contract with the United States, or for liquidated or unliquidated damages
> in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As discussed above, the Tucker Act is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to bring a claim pursuant to the Tucker Act, plaintiff must show that the constitutional provisions, statutes, or regulations upon which he relies are money-mandating. *Fisher*, 402 F.3d at 1172.

In this regard, plaintiff improperly relies upon the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, to establish jurisdiction. Compl. at 5, 7; *see* 42 U.S.C. § 1395dd. In the complaint, plaintiff cites to section 1395dd(d)(2) of the EMTALA–a federal statute that ensures public access to emergency medical services regardless of ability to pay. *Roberts v. Galen of Virginia, Inc.*, 525 U.S. 249, 250 (1999). While the provision cited by plaintiff does permit private parties to bring civil claims for personal injury against a hospital that violates the EMTALA, the EMTALA is not a money-mandating statute that creates a substantive right to bring claims against the United States. *See* 42 U.S.C. § 1395dd(d)(2). And so, plaintiff cannot properly rely upon this statute to establish this Court's jurisdiction over his claims. *Testan*, 424 U.S. at 398.

Plaintiff also cannot rely upon the cursory references to a constitutional violation in the complaint to establish jurisdiction. Compl. at 1, 10. In the complaint, plaintiff alleges, without further explanation, a "violation of the patient's and spouse of the patients constitutional rights." *Id.* at 1. Plaintiff also alleges a "taking of property ordained by marriage." *Id.* at 10. But, such fleeting references to constitutional violations in the complaint are insufficient to establish this Court's jurisdiction.

Indeed, it is well established that a constitutional claim must be a claim for money damages against the United States to be cognizable under the Tucker Act. *See Mitchell*, 463 U.S. at 216; *see also Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). While the complaint does generally allege a violation of constitutional rights, plaintiff fails to identify a specific, money-mandating provision of the Constitution that would create a right to recover money damages against the United States in this case. *See generally* Compl. Because of this failure, the Court must dismiss plaintiff's constitutional claim for lack of subject-matter jurisdiction. *See Fisher*, 402 F.3d at 1173; *Russell v. United States*, 78 Fed. Cl. 281, 285 (2007) ("plaintiff must establish more than the mere existence of a statute or constitutional provision to bring himself within the jurisdiction of this court").[6]

### C.   Transfer Of Plaintiff's Complaint Is Not Appropriate

Transfer of this matter to a district court is also not warranted. Perhaps in anticipation of the Court's determination that it does not possess jurisdiction to entertain his claims, plaintiff has also moved to transfer this matter to the United States District Court for the District of Columbia. *See generally* Pl. Mot. Title 28, United States Code, section 1631, provides that:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal

---

[6] Plaintiff alleges in the complaint that Adventist engaged in a "taking of property ordained by marriage." Compl. at 10. To the extent that this claim could be construed as a takings claim against the United States, plaintiff fails to identify any action on the part of the government that could constitute the alleged taking. *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004) ("A claimant under the Takings Clause must show that the government, by some specific action, took a private property interest for a public use without just compensation.").

> could have been brought at the time it was filed or noticed,
> and the action or appeal shall proceed as if it had been filed in
> or noticed for the court to which it is transferred on the date
> upon which it was actually filed in or noticed for the court
> from which it is transferred.

28 U.S.C. § 1631. And so, transfer of this case to a district court would be appropriate if "(1) the transferor court lacks jurisdiction; (2) the action could have been brought in the transferee court at the time it was filed; and (3) transfer is in the interest of justice." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012); *see also Spencer v. United States*, 98 Fed. Cl. 349, 359 (2011).

In addition, the United States Court of Appeals for the Federal Circuit has held that the phrase "in the interest of justice" set forth in section 1631 "relates to claims which are "nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citation omitted). This Court has also held that the "decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiffs case on the merits.'" *Spencer*, 98 Fed. Cl. at 359 (quoting *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999)).

In light of the above standards, the Court concludes that the transfer of this matter to the United States District Court for the District of Columbia—or to any other district court—would not be in the interest of justice, given the weakness of plaintiff's claims against the United States. As discussed above, a plain reading of the complaint makes clear that plaintiff does not allege any wrongdoing on the part of the United States, or any federal government agency. *See generally* Compl. Rather, plaintiff's claims are against Adventist Health System. *Id.* Because plaintiff asserts no substantive claims against the United Sates in the complaint, a transfer of this case to a district court would be futile. *See Faulkner*, 43 Fed. Cl. at 56. And so, the Court denies plaintiff's motion to transfer.[7]

---

[7] Transfer of this matter to the United States District Court for the District of Columbia would also appear to be inappropriate, because plaintiff is a resident of Florida and all of his claims are based upon events that occurred in the state of Florida. *See generally* Compl.; *see also* 28 U.S.C. § 1391(e)(l) (actions against the United States or its agencies may be "brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action").

**D.    Plaintiff's Motion For Leave To Proceed *In Forma Pauperis* Satisfies The Statutory Requirement**

Lastly, plaintiff has filed a motion to proceed *in forma pauperis*, in which he requests a waiver of the Court's filing fee because he lacks the financial resources to pay the fee. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. This Court may authorize commencement of a suit without prepayment of fees when a person submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1951(a); *see also* 28 U.S.C. § 2503(d). Due to the Court's summary disposition of this case, and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the requirements to proceed *in forma pauperis* for the purpose of resolving the defendant's motion to dismiss. And so, the Court grants plaintiff's motion to proceed *in forma pauperis* for the limited purpose of resolving the defendant's motion to dismiss.

**V.    CONCLUSION**

In sum, dismissal of plaintiff's complaint pursuant to RCFC 41(b) is warranted in this matter because plaintiff has failed to prosecute this case and failed to comply with the Court's August 4, 2015 Order to Show Cause. Notwithstanding plaintiff's failure to prosecute this matter, dismissal of the complaint for lack of subject-matter jurisdiction is also warranted, because plaintiff has not met his burden to show that the Court possesses jurisdiction to consider his claims. RCFC 12(b)(1).

In this regard, a plain reading of the complaint shows that plaintiff's claims are claims against a private party. This Court does not possess jurisdiction to consider such claims. Similarly, plaintiff's tort law, state law, and criminal law claims are jurisdictionally precluded, because the Court does not possess jurisdiction to entertain these claims.

Plaintiff also fails to show that the Court possesses jurisdiction to entertain his health care discrimination and constitutional claims, because he cites to no money-mandating source of law that confers jurisdiction upon this Court to consider those claims. And so, for all of these reasons, plaintiff has not met his burden to establish that the Court possesses jurisdiction to entertain his claims and the Court must dismiss the complaint. RCFC 12(b)(1).

In addition, a transfer of this matter to the United States District Court for the District of Columbia is not appropriate, because the complaint does not assert any substantive claims against the United States and, as a result, a transfer of this matter would be futile. Lastly, in light of the Court's summary disposition of this case—and plaintiff's representation that he is unable to pay the

Court's filing fee—the Court finds that plaintiff may proceed *in forma pauperis* for the limited purpose of resolving defendant's motion to dismiss.

And so, for the foregoing reasons, the Court:

      (1) **GRANTS** defendant's motion to dismiss;

      (2) **DENIES** plaintiff's motion to transfer; and

      (3) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint.  No costs.

      **IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge